HEPBURN S. BENSON, appellant *vs.* WILLIAM WALKER, resp't.

A. being indebted to B. and B. to C., promised C. if he would get an order from B., to accept and pay it; *held* that this was a collateral obligation; or promise to pay the debt of another; and within the statute of frauds.

An action will not lie before a justice of the peace on the promise to accept; that not being within a justice's jurisdiction.

KENT, October term, 1848. This was an appeal from the judg-

ment of a justice of the peace in an action of assumpsit by Walker *vs.* Benson. It was tried at the April term, 1848.

The plaintiff's case was this:—James T. Slack, a workman in the employment of Benson, being indebted to Walker to the amount of $50 20, Walker called on Benson to secure his money, when Benson told him if he would get an order from Slack to that amount, he would accept and pay it. Benson owed Slack about $60; and told him that if he gave any orders to that amount, he would accept them. Walker sent his clerk to Slack to demand the money; and, failing to get that, for the order on Benson; which last Slack gave, and the same day absconded. The order was afterwards presented to Benson, who refused to accept or pay it.

*Bates, jr.,* moved a nonsuit, on the ground that there was no legal evidence of a promise on the part of Benson to pay Slack's debt. He contended that it was such a promise as was required by the statute of frauds to be in writing; a promise to pay the debt of another. [*Dig.* 88; 2 *C. L. R.* 386; 2 *Term Rep.* 80; 26 *ib.* 15; 33 *ib.* 145; 37 *ib.* 142; 1 *Saund Rep.* 211, n. 2; 2 *Lord Ray.* 1085; 2 *Wils. Rep.* 94.] The test is, whether Benson or Slack was originally bound. This was Slack's debt; is yet Slack's debt; Walker still holds him liable. Benson's promise was purely secondary; to pay the debt of another; and without consideration as between Benson and Walker. As to the consideration necessary, see 40 *C. L.* 455; 7 *ib.* 328; 2 *Lord Ray.* 1085; 2 *Wils. Rep.* 94. Even if there were a count on the promise by Benson to accept Slack's order, it would not avail; for this is not within the jurisdiction of a justice of the peace. It would be a special action on the case for damages.

*Fisher.*—The engagement of Benson in this case is not within the statute of frauds. The promise is not collateral but original; not to pay Slack's debt, but to pay Benson's own debt. He made it his own, on condition that Walker would get an order from Slack. Benson was indebted to Slack; acknowledged himself to be so indebted; and promised to pay it out of funds due to Slack, if Walker would get Slack's order. Walker got the order, and immediately credited Slack and debited Benson with the amount. An agreement to accept a bill is equivalent to an acceptance. [*Chit. Bills* 75; 1 *Saund. Rep.* 211, n; 1 *Bull N. P.* 270; 1 *Leigh N. P.* 51-4; 9 *Bing. Rep.* 372; 1 *Harr. Rep.* 330; 3 *H. & McH.* 321, 10 *C. L. R.* 247; *Wils.* 308; *Leigh N. P.* 1027-8.] Any thing of advantage or convenience to one party or inconvenience to the other, is a

sufficient consideration. ' Here was a convenience to Benson by substituting an acceptance in favor of Walker, for a payment of cash due to Slack, and a detriment to Walker; who was put by the promise of Benson to the necessity and inconvenience of procuring the order from Slack.

*Mr. Bates* replied, that the law of accepting commercial paper was peculiar to the law merchant, and had gone to an extent much regretted, but still adhered to for fear of shaking credit.

*The Court* refused the motion for a nonsuit; and the jury afterwards found a verdict for the plaintiff for $60 20, subject to the opinion of the court on the question of law arising on the above stated facts.

The matter was again argued at the next term.

*Bates, jr.*—The case presents no contract of Benson with Walker. It was a simple declaration by Benson of his willingness to pay an order, if Walker should get one from Slack. There was no response to it by Walker. It was not even a proposition for a contract; nothing forming a consideration. It was simply a statement by a debtor of Slack, that he was willing to pay what he owed Slack to Walker, or any other of Slack's creditors, if they came with an order. The getting the order was no consideration. It was altogether immaterial to Benson whether Walker got the order or not. Benson might have said, and ought to have said the same thing to *every* creditor of Slack; but it was no contract, or obligation on his part, until the order was obtained and accepted.

Even if such a declaration could be a contract, it was not so in this case, because it was not *accepted*. If it bound Benson it could not bind Walker, and therefore, it was no contract. The obligation must be *mutual* or there is no contract.

And if there was no mutuality at the time, the subsequent action of the other party accepting the proposition will not make it a contract. [3 *Term. Rep.* 653; 2 *Eng. Com. Law Rep.* 272; 1 *M. & Sel.* 557; *Chit. Cont.* 9; 12 *Johns. Rep.* 189; 5 *Pick Rep.* 380.]

There must be an absolute acceptance of a proposition at the time, or it is no contract. Where a promise is the consideration, it must be cotemporaneous with the contract. Walker did not accept the proposition; did not bind himself to do any thing; and therefore it was no contract.

2. But if it were a *contract*, it is void by the statute of frauds, being a *parol* promise to pay the debt of another. It was a promise to pay Slack's debt. Such a promise to pay another's debt is within the statute of frauds, unless it absolutely discharges the original debtor and the promiser becomes alone liable.

In this respect it does not depend on the consideration; the ques-is, whether the promise is original or collateral; whether the original debtor is liable in any respect. If he is, it is within the statute. [2 *T. Rep.* 80; 26 *Eng. Com. Law Rep.* 16; *Cowp.* 227; 2 *C. L. R.* 386; 37 *C. L. R.* 142.]

Was Slack discharged from his indebtedness to Walker on the morning of the 16th of November? If not, then Benson's promise was a promise to pay Slack's debt. Was it so understood by the parties? The declaration of Benson was, "If you will get Slack's order I will pay it." Walker made no reply. Did this discharge Slack? By no means? Slack could not have been discharged without some act of Walker's. The mere proffer of Benson to pay the debt, could not discharge Slack's debt. [10 *C. L. R.* 191; *ib.* 302; 12 *Johns. Rep.* 290.] So far from Walker saying or doing any thing to show that he considered Slack discharged, his conduct shows the reverse. The subsequent conduct of a party may be considered as giving a construction to the promise, whether as an absolute engagement or a guaranty. [*Chit. Cont.* 508; 40 *Com. L. Rep.* 555.] Here Walker sent to Slack *for the money*, and to get the order only on failure to get payment from Slack. The fact that Benson was not discharged from his debt to Slack, proves that Slack was not discharged from Walker's debt. Benson could not have been liable to both; and could not be liable to Walker without a discharge from Slack. There could not be an extinguishment or transfer of obligations, without a communication all round or an accepted order. [*Chit. Cont.* 613.]

*Fisher.*—The engagement of Benson to Walker was a contract; so understood by both. Benson having funds in hand belonging to Slack sufficient to pay the debt due to Walker, agreed that if Walker would get an order from Slack, he would pay it. It is true that Walker did not and could not at the time bind himself to get the order, for it depended on a third person; but when he did get the order, the contract became perfect. It is not an assumption but the assignment or transfer of a debt; a promise, not to pay the debt of Slack, but to pay Benson's debt, as Slack ordered. [1 *Leigh N.*

*P.* 53-4.] There was a moral obligation by Benson to pay the money, and an order by Slack to pay it to Walker. [15 *Eng. Com. Law. Rep.* 246; 23 *ib.* 309; 7 *ib.* 255; [77.]

2. There was not only a moral but a legal obligation on the part of Benson to pay Walker, the debt being set apart by Slack's order; and Benson having money in his hand sufficient to pay. It became Benson's debt on the draft of the order, which Benson had agreed to pay. [2 *Leigh N. P.* 1027; 3 *Harr & McH.* 451; 17 *Mass. R.* 229; 1 *H. Blac.* 239.]

3. Benson was liable on his acceptance of the order, though the order was to be drawn in future; and the acceptance verbal. [*Chit. Bills* 76-7; 3 *Burr Rep.* 1672; *Cowp.* 571; 1 *H. Blac.* 602.] Slack was discharged from his indebtedness to Walker on his giving the order on Benson, which was a transfer of so much money in Benson's hands to Walker. If Slack instead of giving the order, had lifted the money and handed it back to Benson for Walker, he would have been liable to Walker for money received to his use. [1 *Harr. Rep.* 330, Farmers' Bank *vs.* Brown, garnishee of Stidham.]

4. But there was an independent consideration as between Benson and and Walker. The getting the order was a sufficient consideration for Benson's promise. [1 *Harr. Rep.* 330.] Is the agreement within the statute of frauds? It was no promise to pay Slack's debt, but a promise to pay Benson's own debt, according to Slack's order.

*Mr. Bates,* in reply, did not think it necessary to dispute that a verbal acceptance of a bill of exchange to be drawn, may bind the party, though that is not the present doctrine in England. A promise to accept a non-existing bill is not an acceptance. [*Chitty Bills* 284; *Chit. Cont.* 613. But—1. This is no bill of exchange; 2. there is no count on a bill of exchange; 3. this suit is not for the non acceptance of a bill; which would not be within the justice's jurisdiction. A promise to accept will bind, if made on sufficient consideration; but this is not a suit for the violation of a promise to accept; it seeks to charge the defendant as acceptor.

This is not the case of a transfer or assignment of a debt, or the suit should have been brought in the name of Slack, for the use of Walker, against Benson. It is not a debt of such a character as may be assigned so as to give the assignee a right of action in his own name.

Judge Wootten delivered the opinion of the court, and rendered judgment for the appellant.

WOOTTEN, *Judge :*—The conversation between Benson and Walker did not amount to a contract. Slack was not a party to it, nor present; he was not discharged from his indebtedness to Walker, nor Benson from his indebtedness to him. Walker so treated it; for he afterwards called on Slack for the money.

Verdict set aside and judgment of nonsuit.

*Fisher*, for plaintiff.

*Bates, jr.*, for defendant.